**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HEIDI MANSON, individually and on behalf of all others similarly situated, | Case No. 1:16-cv-04015 |
| *Plaintiff,* | |
| *v.* | |
| NAVIENT SOLUTIONS, INC., a Delaware corporation, | **CLASS ACTION COMPLAINT** |
| *Defendant.* | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Heidi Manson ("Manson" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Navient Solutions, Inc. ("Navient" or "Defendant") to stop its practice of sending unsolicited text messages to the cellular telephones of individuals and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.      Defendant Navient is the nation's largest student loan servicer. Currently, Navient services the loans of over 12 million customers with a portfolio of student debt totaling more than $300 billion.[1]

---

[1]      *See Navient celebrates new headquarters in Wilmington*, Navient, http://news.navient.com/releasedetail.cfm?releaseid=896675 (last visited Mar. 1, 2016).

2.      In an effort to service and secure payment on these loans, Defendant Navient repeatedly sent (or directed to be sent on its behalf) unsolicited text messages, without consent, to cellular telephones while using automatic telephone dialing equipment having the capacity to store and dial telephone numbers, *en masse*. As a result, Defendant has repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* (the "ICFA").

3.      The TCPA was enacted to protect consumers from unauthorized and repeated calls exactly like those alleged in this Complaint—autodialed debt collection calls to cellphone numbers, placed without consent, and continued even after receiving requests to stop. Similarly, the ICFA was enacted to protect Illinois consumers from unfair methods of competition, such as the use of autodialers to send text messages in violation of the TCPA.

4.      Defendant's violations caused Plaintiff and the members of two putative Classes of consumers (defined below) to experience actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing text messages.

5.      In response to Defendant's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited text messaging, as well as an award of actual and statutory damages to the members of the putative Classes, together with costs and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff Heidi Manson is a natural person and citizen of the State of Illinois.

7.      Defendant Navient Solutions, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 2001 Edmund

Halley Drive, Reston, Virginia 20191. Defendant Navient regularly does business throughout the State of Illinois and in this District.

## JURISDICTION AND VENUE

8.    This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims are so related to her federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.    The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District and because the conduct and events giving rise to Plaintiff's claims—including the completion and submission of Plaintiff's son's loan application, and the receipt of the offending text messages—occurred in this District. Venue is additionally proper because Plaintiff resides within this District.

## COMMON FACTUAL ALLEGATIONS

10.    Navient is the nation's largest student loan servicing company, managing more than $300 billion of student loans for over 12 million individuals.

11.    Faced with the prospect of managing a student loan portfolio larger than the GDP of many countries,[2] Navient routinely engages in mass communication practices. For example, it

---

[2]    *See* https://www.cia.gov/library/publications/the-world-factbook/rankorder/2001rank.html (identifying 178 of 230 countries as having a GDP of less than $300 billion) (last visited Mar. 1, 2016).

claims to "promote awareness of federal repayment plan options through more than 170 million communications annually, including mail, email, phone calls, videos, and text messages."[3]

12.     Unfortunately, Navient often sends—or has sent on its behalf—text messages without having the necessary prior express consent to do so, and it fails to honor requests to stop, all in violation of the TCPA.

13.     Navient sends these text messages using equipment that has the capacity to store or produce telephone numbers, and to dial such numbers, *en masse*, without any need for human intervention.

14.     The TCPA was intended to give individuals control over how and where they receive calls and text messages. When Navient sends text messages to individuals without their consent, it fails to address or respect the limitations imposed by the TCPA. In doing so, it takes control away from consumers and violates both the spirit and the letter of the TCPA.

## FACTS SPECIFIC TO PLAINTIFF MANSON

15.     In 2014, Plaintiff's son applied for a student loan from the federal government.

16.     On his loan application, Plaintiff's son was asked to list references, so he listed contact information for several of his family members, including Plaintiff.

17.     After his loan application was accepted, the federal government ultimately assigned servicing rights to Defendant Navient. Neither Plaintiff nor her son had any choice in this assignment.

18.     Plaintiff never expressly consented to receive autodialed calls or texts from any company, much less specifically from Navient, who was an unidentified stranger to her son's initial student loan application.

---

[3]     *Navient statement on positive trends in the national student loan Cohort Default Rate*, Navient, http://news.navient.com/releasedetail.cfm?ReleaseID=934561 (last visited Mar. 1, 2016).

19.    Nonetheless, in early 2015, Manson began receiving unwanted and autodialed calls and text messages from Navient and/or its agents, including several text messages sent using the short codes 32592 and 27590. *See*, *e.g.*, Figures 1–4, below.



**(Figure 1**.)



**(Figure 2**.)



**(Figure 3**.)



**(Figure 4**.)

20.    On at least ten separate occasions, Plaintiff instructed Navient to stop contacting her. Plaintiff also repeatedly notified Navient that it was improperly calling her cellphone number, and not her son's contact number.

21.    Despite Plaintiff's requests, Navient has continued to send her text messages. Plaintiff estimates that she has received over 30 text messages from Navient since she first requested that it stop contacting her.

22.     Defendant sent these text messages (or caused them to be sent) to Plaintiff and thousands of members of the putative Classes using equipment having the capacity to store or produce telephone numbers to be called and to dial such numbers, *en masse*, simultaneously and without human intervention.

## CLASS ALLEGATIONS

23.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of herself and a class and subclass of similarly situated individuals (collectively, the "Classes") defined as follows:

> **TCPA Class**: All persons in the United States who: (1) received a text message sent by or on behalf of Defendant; (2) at his or her cellular telephone number; (3) concerning an account belonging to another individual.

> **Illinois Subclass**: All members of the TCPA Class that reside in the State of Illinois.

The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

24.     **Numerosity**: The exact number of members within each of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent autodialed calls to thousands of

6

individuals who fall into each of the definitions of the Classes. Members of the Classes can be identified through Defendant's records.

25.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

26.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

27.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

**The TCPA Class**:

(a)     Whether Defendant systematically called individuals without their prior express consent;

(b)     Whether Defendant's calls were sent to individuals' cellular telephones utilizing an automatic telephone dialing system;

(c)     Whether Defendant's conduct violated the TCPA; and

(d)     Whether Plaintiff and the members of the Classes are entitled to statutory and treble damages based on the willfulness of Defendant's conduct.

**The Illinois Subclass**:

    (a)      Whether Defendant systematically sent calls to individuals without their prior express consent;

    (b)      Whether Defendant's calls violated the TCPA;

    (c)      Whether Defendant's conduct was unfair or unlawful under the ICFA; and

    (d)      Whether Plaintiff and the members of the Illinois Subclass are entitled to actual damages, attorneys' fees, and costs.

28.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the TCPA Class)

29.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30.     Defendant and/or its agents sent unsolicited calls to cellular telephone numbers belonging to Plaintiff and the other members of the TCPA Class without their prior express consent.

31.     Defendant sent these calls, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, *en masse*.

32.     Defendant or its agents utilized equipment that sent the calls to Plaintiff and other members of the TCPA Class simultaneously and without human intervention.

33.     By having these unsolicited calls sent to Plaintiff and the TCPA Class, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's unlawful conduct, Plaintiff and the members of the TCPA Class suffered actual harm, including violations of statutory rights, invasion of privacy, and any monies paid or lost as a result of receiving the unsolicited calls. Accordingly, under section 227(b)(3)(B), Plaintiff and the members of the TCPA Class are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

34.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the TCPA Class.

## SECOND CAUSE OF ACTION
### Violation of 815 ILCS 505/1, *et seq.*
### (On behalf of Plaintiff and the Illinois Subclass)

35.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* (the "ICFA"), prohibits unlawful, unfair, or fraudulent business acts or practices.

37.     Plaintiff and the members of the Illinois Subclass are "persons" under the IFCA. 815 ILCS 505/1(c).

38.     Defendant is a business entity or association who regularly engages in transactions involving educational debts, and is a "person" engaged in "trade" and "commerce" under the IFCA. 815 ILCS 505/1(c).

39.     Defendant engaged in unfair acts and practices in violation of 815 ILCS 505/2 by sending (or having sent on its behalf) unsolicited text messages to Plaintiff and the members of the Illinois Subclass. In particular, Defendant's text messaging practices are unfair business practices because they are contrary to public policy, are oppressive, and cause substantial injury to the call recipients.

40.     Defendant's unsolicited debt collection text messages are contrary to public policy because they are unlawful under the TCPA.

41.     Defendant's conduct is also oppressive, because Plaintiff and the Illinois Subclass members have no meaningful choice related to Defendant's practice of sending unsolicited debt collection text messages. Not only does Defendant often acquire servicing rights to student loans on its own, without any choice on behalf of the students, but it also sends text messages to cellular telephone numbers without consent, and does not cease despite requests to stop.

42. As a result of Defendant's conduct, Plaintiff and each Illinois Subclass member suffered damages in the forms of the diminished value and utility of their telephone equipment and telephone subscription services (*i.e.*, the value of such equipment and services is higher when unencumbered by repeated and unwanted debt collection text messages), the wear and tear caused to their telephone equipment, the loss of battery charge (which becomes diminished with each incoming text message), the loss of battery life (which has a finite number of charging cycles), and the per-kilowatt electricity costs required to recharge their cellular phones as a result of such text messages. While the economic damages to Plaintiff and each individual member of the Illinois Subclass may be small, their aggregate injuries are substantial.

43. In addition, Defendant's unlawful and unfair debt colleting conduct gave it an unfair competitive advantage over businesses that collect lawfully (*i.e.*, those who only call or send text messages with consent, as authorized, and who cease sending text messages upon requests to stop).

44. Defendant's unlawful and unfair business practices occurred during the course of trade or commerce, and were material and a direct cause of the injuries suffered by Plaintiff and the members of the Illinois Subclass.

45. Defendant's unfair and unlawful conduct is not outweighed by any countervailing benefits to consumers.

46. Plaintiff seeks an order: (i) permanently enjoining Defendant from continuing to engage in the unfair conduct described here; (ii) requiring Defendant to pay actual and compensatory damages; and (iii) requiring Defendant to pay interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Heidi Manson, individually and on behalf of the Classes, prays for the following relief:

A.      An order certifying the Classes as defined above, appointing Plaintiff Heidi Manson as the representative of the Classes, and appointing her counsel as Class Counsel;

B.      An award of actual and statutory damages;

C.      An order declaring that Defendant's actions, as set out above, violate the TCPA and the ICFA;

D.      A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

E.      An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

F.      An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Classes;

G.      An award of reasonable attorneys' fees and costs; and

H.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,


Dated: April 5, 2016                     **HEIDI MANSON**, individually and on behalf of all others similarly situated,


By:   /s/ J. Dominick Larry
        One of Plaintiff's Attorneys

Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Ronald A. Marron*
LAW OFFICES OF RONALD A. MARRON
ron@consumersadvocates.com
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

*Pro hac vice* admission to be filed.

*Counsel for Plaintiff and the Putative Classes.*